Edmund A. McCarthy, J.
This defendant was convicted by a jury in the County Court of Herkimer County in February, 1954, on indictment No. 3685, which charged him with burglary, third degree and petit larceny. The sentence was commitment to Attica State prison, not less than 5 years, nor more than 10 years, as a second offender. The defendant has applied for a writ of coram nobis, alleging error in accepting a general verdict of “ guilty ” from the jury.
Secondly, for failure to comply with section “ 878” of the Code of Criminal Procedure.
The defendant quotes part of the court’s charge in which the jury was instructed that they were the sole judges of all facts and it was for them to say whether the evidence was sufficient to establish a breaking and entering required to constitute a part of the crime of burglary. And that further, it was the duty of the jury to decide whether the evidence produced by the People was sufficient to constitute the crime of petit larceny.
It is quite apparent from the verdict that the jury discharged its duty well and that it found specifically, as it was instructed. By its verdict of guilty, it' apparently said that the evidence was sufficient to establish a breaking and entering required to constitute the crime of burglary as set out in the indictment; and further, that the evidence was sufficient to constitute petit larceny. So by the verdict of the jury, the defendant was convicted of the two crimes as charged in the indictment.
Attention is called to section 437 of the Code of Criminal Procedure. ‘ ‘ A general verdict upon a plea of not guilty is either ‘guilty’ or ‘not guilty;’ which imports a conviction or acquittal of the offense charged in the indictment.”
This defendant-petitioner was furnished a copy minutes of his trial under the decision of People v. Jackson *155 (2 Mise 2d 521). So there is no excuse why he should not have been fair and frank enough in his petition to quote the complete record of the proceedings of his trial, which were in his possession, and particularly referring to page 205 of the record, which indicates as follows:
“ (The jury retired to the jury room.)
“ (At 2:15 p.m. court reconvened, and the jury came in with its verdict, as follows:)
“ Foreman (Juror No. 6, Mr. Hoddum): Guilty as charged.
‘‘ Me. 0 ’Donnell : At this time I would move to have the jury individually polled.
“ The Court: Just before we go into that, may we have the record show that the defendant, Mr. Jackson, is present here in court personally and is also represented by his attorney James P. O’Donnell, Jr., and that the People are represented by Albert Schneidei, district attorney. And your motion to poll the jury is granted, Mr. O’Donnell, and you will proceed to poll the jury.
“ Juror No. 1: Guilty.
“ Juror No. 2: Guilty.
“ Juror No. 3: Guilty.
“ Juror No. 4: Guilty.
“ Juror No. 5: Guilty.
“ Juror No. 6: Guilty.
“ Juror No. 7: Guilty as charged.
“ Juror No. 8: Guilty.
“ Juror No. 9: Tes.
“ Juror No. 10: Guilty.
“ Juror No. 11: I do.
“ Juror No. 12: Guilty.
“Mr. O’Donnell: If the court please, I would like to reserve— I would like to make the usual motions, and I would also like to take advantage of the two days waiting period for sentence.
“ The Court : Those rights are reserved to you, and the matter is deferred for two days.
“ Mr. O’Donnell: Thank you.”
Consequently, it will be noted that the foreman juror No. 6, Mr. Hoddum did not report a general verdict but a specific one, “ Guilty as charged.”
The indictment charged two offenses with which the defendant was charged, and the jury found him, “ guilty as charged.”
Emphasis can be placed upon the reply of juror No. 7, in the process of polling. His reply was, “ Guilty as charged.”
*156 Apparently, an error was committed in the second paragraph of the petition referring to section 878 of the Code of Criminal Procedure. Reference must have been made to some other section of the code.
It is perfectly obvious from a mature consideration of the record in this case, that the defendant was given a full, complete and impartial trial in the County Court of Herkimer County and that he was duly found guilty by a jury, on sufficient evidence of both crimes charged in the indictment, burglary and petit larceny, and that no error was committed in imposing a felony sentence instead of a misdemeanor sentence. And that according to the evidence and the verdict of the jury, the defendant was properly sentenced.
Accordingly, the application for' the writ of error coram nobis dated May 5, 1957, is hereby denied.